JERRY R. TLAMKA, APPELLEE, V. GOODYEAR TIRE & RUBBER COMPANY, APPELLANT.

408 N.W.2d 291

Filed June 26, 1987.   No. 86-689.

Richard D. Sievers of Bruckner, O'Gara, Keating, Sievers & Hendry, P.C., for appellant.

Tom F. Wilson, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

This is an appeal from the Nebraska Workers' Compensation Court. Goodyear Tire & Rubber Company appeals from the award to Jerry R. Tlamka on rehearing.

Tlamka's petition in the Nebraska Workers' Compensation Court was dismissed, after a hearing by a single judge of the court, on the basis that Tlamka failed to show that an accident at work was the cause of the injury at issue or that surgery was necessitated by the accident. On rehearing, a three-judge panel of the Workers' Compensation Court awarded the appellee $750 in attorney fees, $105.60 in deposition costs, $1,828.58 in

additional temporary total disability, and $3,696.20 in additional medical expenses. This appeal follows.

Goodyear Tire & Rubber Company alleges as error that the Workers' Compensation Court incorrectly awarded fees and costs, as there existed a reasonable controversy as to whether the appellee's injury and subsequent surgery were caused or necessitated by the accident and, therefore, the appellant properly withheld benefits. We affirm.

Neb. Rev. Stat. § 48-125 (Reissue 1984) states in part:

(1) Except as hereinafter provided, all amounts of compensation payable under the provisions of this act shall be payable periodically in accordance with the methods of payment of wages of the employee at the time of the injury or death; *Provided*, fifty per cent shall be added for waiting time for all delinquent payments after thirty days' notice has been given of disability. Whenever the employer refuses payment, or when the employer neglects to pay compensation for thirty days after injury, and proceedings are held before the compensation court, a reasonable attorney's fee shall be allowed the employee by the court in all cases when the employee receives an award. If the employer files an application for a rehearing before the compensation court from an award of a judge of the compensation court and fails to obtain any reduction in the amount of such award, the compensation court shall allow the employee a reasonable attorney's fee to be taxed as costs against the employer for such rehearing, and the Supreme Court shall in like manner allow the employee a reasonable sum as attorney's fees for the proceedings in that court. If the employee files an application for a rehearing before the compensation court from an order of a judge of the compensation court denying an award and obtains an award or if the employee files an application for a rehearing before the compensation court from an award of a judge of the compensation court where the amount of compensation due is disputed and obtains an increase in the amount of such award, the compensation court may allow the employee a reasonable attorney's fee to be taxed as costs against the employer for such

rehearing, and the Supreme Court may in like manner allow the employee a reasonable sum as attorney's fees for the proceedings in such court. A reasonable attorney's fee allowed pursuant to this section shall not affect or diminish the amount of the award.

Tlamka was injured at his place of employment, Goodyear Tire & Rubber Company, when a cure pot blew a gasket, causing the appellee to jerk away and fall. The accident occurred on December 10, 1984, and the appellee was off work, due to the injuries he suffered as a result of the accident, for the remainder of 1984 and periodically throughout 1985. Goodyear paid the appellee benefits throughout his recuperation period up and until September 4, 1985, when he underwent surgery to correct thoracic outlet syndrome. Appellee was absent from work until November 17, 1985, recovering from the surgery. During that time he was not paid any benefits.

Appellant does not argue that Tlamka did not meet the requisite level of proof necessary to show that the accident at work caused thoracic outlet syndrome or that the surgery was necessitated by the injury he suffered. Rather, appellant argues that there was a reasonable controversy surrounding the payment of weekly compensation and the costs of the surgery and subsequent recovery time. Therefore, pursuant to § 48-125, the lower court incorrectly awarded attorney fees and costs.

To support its argument, the appellant points to the deposition of Dr. Paul, introduced at the rehearing, to the effect that 50 percent of all thoracic outlet syndrome cases are of uncertain origin and that in many instances the cause is congenital. Appellant fails to note in its argument that both Drs. Paul and Schwab, another physician deposed, agree that Tlamka's thoracic outlet syndrome was probably caused by the trauma he suffered as a result of his accident in view of his previous medical history and absence of any evidence that his condition may be congenital.

Whether a reasonable controversy exists is a question of fact for the Workers' Compensation Court. *Mendoza v. Omaha Meat Processors, ante* p. 771, 408 N.W.2d 280 (1987).

Findings of fact made by the Nebraska Workers'

Compensation Court after rehearing have the same force and effect as a jury verdict in a civil case. Neb. Rev. Stat. § 48-185 (Reissue 1984); *Zaleski v. Farmland Foods*, 219 Neb. 157, 361 N.W.2d 523 (1985). In testing the sufficiency of evidence to support findings of fact made · by the Nebraska Workers' Compensation Court after rehearing, the evidence must be considered in the light most favorable to the successful party. *Vredeveld v. Gelco Express*, 222 Neb. 363, 383 N.W.2d 780 (1986); *Knudsen v. Metropolitan Utilities Dist.*, 220 Neb. 902, 374 N.W.2d 56 (1985). Factual determinations by the Workers' Compensation Court will not be set aside on appeal unless such determinations are clearly wrong. Regarding facts determined and findings made after rehearing in the Workers' Compensation Court, § 48-185 precludes the Supreme Court's substitution of its view of facts for that of the Workers' Compensation Court if the record contains evidence to substantiate the factual conclusions reached by the Workers' Compensation Court. *Vredeveld v. Gelco Express, supra; Gibson v. City of Lincoln*, 221 Neb. 304, 376 N.W.2d 785 (1985).

*Norris v. Iowa Beef Processors*, 224 Neb. 867, 876, 402 N.W.2d 658, 666 (1987). We cannot say the action of the Workers' Compensation Court was clearly erroneous in failing to find that there existed a reasonable controversy in view of the evidence introduced at the rehearing and noted above. Attorney fees and costs were properly awarded.

Appellant also argues this court should hold that as a matter of law there exists a reasonable controversy in a case in which the employee appeals from a dismissal of his petition. The appellant presents no support for this contention, and we are unable to locate any. In *Mendoza, ante* p. 771, 408 N.W.2d at 280, we delineated the concept of reasonable controversy as follows:

Thus, for the purpose of § 48-125, and as some criteria to determine whether a reasonable controversy exists between an employer and employee, a reasonable controversy may exist: (1) if there is a question of law previously unanswered by the Supreme Court, which

question must be answered to determine a right or liability for disposition of a claim under the Nebraska Workers' Compensation Act, or (2) if the properly adduced evidence would support reasonable but opposite conclusions by the Nebraska Workers' Compensation Court concerning an aspect of an employee's claim for worker's compensation, which conclusions affect allowance or rejection of an employee's claim, in whole or part. To avoid the payments assessable under § 48-125, an employer need not prevail in opposition to an employee's claim for compensation, but must have an actual basis, in law or fact, for disputing the employee's claim and refraining from payment of compensation.

This court in *Mendoza* adopted guidelines to aid courts in their determination of whether a reasonable controversy exists. Appellant's contention does not fall within these guidelines and is without legal support. We decline to hold that in every case where an employee appeals from an order of dismissal a reasonable controversy exists. To do so would prevent any employee who appeals from an adverse finding from being awarded attorney fees and costs on rehearing. This would be in direct conflict with the language of § 48-125, which provides for the award of attorney fees and costs at the discretion of the Workers' Compensation Court.

Goodyear argues that the appellee failed to introduce evidence at the first hearing which was introduced at the rehearing, enabling him to receive attorney fees and costs as a result of a finding in his favor. Appellant relies on *Smith v. Fremont Contract Carriers*, 218 Neb. 652, 358 N.W.2d 211 (1984), where this court stated that an employee may not withhold evidence at the first hearing on the issue of medical expenses, then obtain attorney fees and costs on rehearing as a result of an increased award due to the introduction of evidence of additional medical expenses previously withheld. As the transcript of the first hearing is not before this court, we cannot speculate as to whether Tlamka withheld evidence.

Finally, pursuant to § 48-125, we award the appellee $750 in attorney fees, and costs, for this appeal.

AFFIRMED.